In March, 1933, in response to a petition signed by water users in the city of Mount Vernon, the department filed its complaint against the Oregon-Washington Water Service Company with reference to its operations at Mount Vernon, Washington, charging that its rates, charges, rules and regulations were unreasonable and also that its service and instrumentalities were inadequate. *Page 461 
Hearings were had beginning in September, 1933, and on June 21, 1934, the department rendered its opinion, findings of fact and order, in which it was found that the fair value of the operating property at Mount Vernon was $90,000; that a proper allowance for working capital, material and supplies was $3,085; that the future earnings under existing rates would be $39,000 annually; that deductible items would aggregate $26,994, and the resulting net income under existing rates would be $12,006, or 13.05 per cent on the capital employed. A reasonable rate was found to be 6.75 per cent, and, after providing for an additional investment for the installation of meters, rates were reduced accordingly.
By writ of review, the case was brought to the superior court for Thurston county, where the order of the department was affirmed. An appeal to this court followed.
In principle, this case is exactly the same as the case ofState ex rel. Oregon-Washington Water Service Co. v. Departmentof Public Works, ante p. 451, 51 P.2d 610, just decided. Even in its facts, the difference is in degree and in detail. The errors assigned are identical, except that here there was no denial of the right of cross-examination.
[1] In 1921, the department investigated this system and fixed its fair value, including working capital, at $85,000, which later on, after improvements had been made, was raised to $127,094 as of May 31, 1923. The appellant purchased the system in 1927 at a cost to it of $151,408, since which time it has expended in betterments, less all retirements, $48,463. It is probable, as the department found, that the appellant paid more than the fair value, and we cannot say there was error in disregarding the purchase price paid by it. *Page 462 
As in the Vancouver case, the evidence of the department's engineers was rather closely followed, and more weight was given to the cost of reconstruction less depreciation than to any other means of ascertaining fair value. As in the Vancouver case, also, depression prices (or lower) for labor and material were used, thus producing an unfair result. Other matters contributed to that result which we cannot enumerate and discuss in detail.
While the evidence of arbitrary action in some respects seems somewhat less marked in this case, yet we are convinced that the fixing of $90,000 as the fair value of all of the operating property was so far arbitrary as to make that finding unsustainable.
The allowance made for working capital, material and supplies appears to be too low by half, but otherwise we are not convinced that the department acted arbitrarily.
We recognize our well settled rule which presumes that an order made by the department is correct and which places the burden upon one who seeks to overthrow it. We do not here depart from that rule, but in consonance with it we are constrained to hold that, as pointed out, the department acted arbitrarily.
Reversed, with instructions to remand for further proceedings.
MAIN, STEINERT, GERAGHTY, and MITCHELL, JJ., concur. *Page 463